# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

_____

| | |
|---|---|
| **STEMCOR USA INC.,** | **CIVIL ACTION NO: 12-_____** |
| **Plaintiff,** | **SECTION "___"; DIVISION "___"** |
| vs. | **JUDGE _____** |
| **CIA SIDERURGICA DO PARA (COSIPAR) and AMERICA METALS TRADING LLP** | **MAGISTRATE _____** |
| **Defendants.** | |

_____

## VERIFIED COMPLAINT

Plaintiff, STEMCOR USA INC., ("Plaintiff") complaining of the above-named defendants CIA SIDERURGICA DO PARA(COSIPAR) ("Cosipar"), and AMERICA METALS TRADING LLP ("AMT"), alleges upon information and belief as follows:

**1.** This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This court has admiralty jurisdiction under 28 U.S.C. § 1333. The matter is instituted in accordance with the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims in order to obtain security and jurisdiction.

**2.** Venue is proper in the Court in accordance with the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, as defendants Cosipar and AMT have, upon information and belief, property in this district in the form of "pig iron" cargo located aboard the vessel M/V CLIPPER KASASHIO (IMO No. 9370135) which is or will be

within the jurisdiction of the Honorable Court during the pendency of this claim (upon the Mississippi River and within the vicinity of Baton Rouge, Louisiana).

3.  At all material times, plaintiff was and now is a corporation organized and existing under the laws of Delaware with a principal place of business at the Empire State Building, 350 Fifth Avenue, Suite 1526, New York, NY 10118.

4.  At all material times, defendant Cosipar was and now is a corporation or other business existing under the laws of Brazil, having no office or place of business within this judicial district.

5.  At all material times, defendant AMT was and now is a corporation or other business existing under the laws of England, with a principal place of business at 5 Lloyds Avenue, 3FL, London EC3N 3AE, United Kingdom.

6.  The defendants are in the business of manufacturing and shipping pig iron ore. Upon information and belief, Cosipar is the manufacturer of the pig iron, and AMT acts as its trading arm.

### The April 3, 2012 Purchase Contract Between Plaintiff and Cosipar

7.  Pursuant to Purchase Contract No. NR1078 dated April 3, 2012, plaintiff agreed to purchase 6,000 metric tons of basic pig iron from Cosipar at a cost of $2,775,000. A copy of the contract is attached as Exhibit A.

8.  Pursuant to Contract No. NR1078, Cosipar was required to charter a vessel to ship the aforesaid cargo by no later than May 31, 2012.

9.  Plaintiff provided Defendants with **$2,346,000.00** in "prepayments" for the abovementioned cargo to be shipped under Contract No. NR1078. Defendants in turn made certain partial shipments under Contract No. NR1078 and deducted the cost of those shipments (totaling $1,267,980.75) from the prepayment amount. See Exhibit B.

**10.** All conditions precedent required of plaintiff under Purchase Contract No. NR1078 have been performed.

**11.** Defendants breached Purchase Contract No. NR1078 by failing to deliver the remaining full amount of the above-mentioned cargo to the plaintiff, and also by failing to return the remainder of Plaintiff's prepayments for the aforesaid cargo.

**12.** As a result of Defendants' breach of Purchase Contract No. NR1078, **$1,078,019.25** in prepayments have not been returned to Plaintiff. See Exhibit B.

### The May 11, 2012 Purchase Contract Between Plaintiff and AMT

**13.** Pursuant to Purchase Contract No. FSP1685 dated May 11, 2012, plaintiff agreed to purchase 6,000 metric tons of basic pig iron from AMT at a cost of **$2,400,000.00** A copy of Purchase Contract No. NR1685 is attached as Exhibit C.

**14.** Pursuant to Contract No. NR1685, AMT was required to charter a vessel to ship the aforesaid cargo by no later than May 31, 2012.

**15.** Plaintiff provided Defendants with **$2,340,900.00** in "prepayments" for the cargo to be shipped under Contract No. NR1685. Defendants in turn made one partial shipment under Contract No. NR1685 and deducted the cost of that shipment (**$536,621.60**) from the prepayment amount. See Exhibit B. However, Defendants failed to ship any additional cargoes to Plaintiff under Contract No. NR1685.

### The Prior Rule B Attachment in New Orleans

**16.** On October 5, 2012, Plaintiff filed a similar Rule B attachment proceeding against the abovementioned defendants in the United States District Court for the Eastern District of Louisiana in order to attach certain quantities of pig iron that were aboard an inbound vessel (the UBC SANTOS). See *Stemcor USA, Inc. v. Cia Siderurgica Do Para (Cosipar) and America Metals Trading LLP*, 12-cv-02460 (Zainey, J.) The Hon. Jay Zainey authorized a Rule B order of

attachment on October 6, 2012, and thereafter, approximately 1,178.43 MT of pig iron was seized aboard the UBC SANTOS. See Exhibit D.

17.     Plaintiff and AMT subsequently entered into a commercial agreement whereby the 1,178.43 MT of pig iron cargo would be applied to the outstanding balance of Contract No. FSP1685, with the cost of that cargo ($471,370.00) to be deducted from the remaining amount of prepayment funds.

18.     Plaintiff's prior Rule B action (Civ. Act. No. 12-cv-02460) was then dismissed **without** prejudice on October 23, 2012.

19.     All conditions precedent required of plaintiff under Purchase Contract No. FSP1685 have been performed.

20.     Defendants breached Contract No. FSP1685 by failing to deliver the full amount of the above-mentioned cargo to the plaintiff, and also by failing to return the remainder of Plaintiff's prepayment for the aforesaid cargo.

21.     As a result of Defendants' breach of Contract No. FSP1685, **$1,332,908.40** in prepayments have not been returned by Defendants to Plaintiff. See Exhibit B.

## The October 24, 2011 and August 29, 2012 Cargo Damage Claims between Plaintiff and Defendants

22.     In addition to the abovementioned breach of maritime contract claims, plaintiff has twice asserted (on October 24, 2011 and August 29, 2012, respectively) certain cargo damage claims against AMT for off-spec and/or damaged pig iron shipments.

23.     Plaintiff has demanded that AMT pay **$155,000.00** with regard to the first damage claim, and **$53,494.26** with regard to the second damage claim. See Exhibit E.

**24.** Despite due demand, Defendants have failed to pay for the abovementioned damage claims referenced in Exhibit E.

## Current Demand

**25.** Plaintiff repeats and realleges paragraphs 1-24 as if repeated verbatim herein.

**26.** As a result of defendants' breaches of Contract No. NR1078 and Contract No. FSP1685, and as a result of the abovementioned cargo damage claims, plaintiff has suffered damages in the amount of **$2,619,421.91**, as best as can be ascertained to date, plus costs, interest and attorney's fees.

## Arbitration

**27.** Pursuant to the terms of each agreement, plaintiff's claims are subject to arbitration in London.

**28.** In accordance with 9 U.S.C. § 8, plaintiff is entitled to obtain pre-judgment security for its claims by way of a maritime attachment under Rule B. Plaintiff reserves the right to arbitrate the merits of the dispute.

## Writ Of Maritime Attachment

**29.** Plaintiff incorporates by reference all of the allegations alleged in paragraphs 1-28, supra.

**30.** Defendants have breached the aforesaid agreements as described above, and have caused plaintiff to suffer further losses by shipping damaged cargo, as noted above.

**31.** Plaintiff avers upon information and belief that defendants cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**32.** However, upon information and belief received from local vessel agents in Brazil, plaintiff submits that Cosipar and AMT are the owners and/or beneficial owners of certain goods

and chattels within this District and subject to attachment including, but not limited to, a cargo of 9,000 metric tons of pig iron aboard the vessel CLIPPER KASASHIO (hereinafter the "Cargo").

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law and according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction may issue against the aforementioned Cargo, and that all persons claiming any title or right to said Cargo may be cited to appear and answer under oath the allegations of this Verified Complaint;

B.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds in the district which are due and owing or otherwise the property of to the Defendants, including the Cargo referenced above aboard the CLIPPER KASASHIO, up to the amount of $2,619,421.91 to secure the Plaintiff's claims, as best as can be presently ascertained, together with interest, costs, attorney's fees, all other costs of this action, including Marshal's fees and expenses, and any required storage costs;

C. That the Cargo be attached forthwith, pursuant to Rule B(1) of the Supplemental Rules of Certain Admiralty and Maritime Claims and Federal Rules of Civil Procedure for writ of foreign attachment in the amount of $2,619,421.91, as best as can be presently ascertained, all pursuant to a writ of foreign attachment as authorized or permitted by the Federal Rules of Civil Procedure, and

D. That Plaintiff have such other and further relief as justice may require.

Respectfully submitted,

 */s/ Andrew S. de Klerk*
Andrew S. de Klerk (LA 1045), T.A.
T. Patrick O'Leary (LA 30655)
**FRILOT L.L.C.**
3700 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3700
Phone:  504.599.8010
Fax:  504.599.8110
adeklerk@frilot.com
poleary@frilot.com
**Counsel Plaintiff,
Stemcor USA Inc.**